UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6106-CR-FERGUSON

UNITED STATES OF AMERICA,          :

       Plaintiff,          :

v.          :

CARLES REVELO, et al.,          :

       Defendants.          :



FILED by _____ D.C.

_____ ─ 1 2000

CLARENCE MADD, X
CLERK U.S. - IST. CT.
S.D. OF FLA. FT. LAUD.

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on April 27, 2000, a hearing was held to determine whether the defendant **Manuel Revelo** should be detained prior to trial.  Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community.  Therefore, it is hereby ordered that the defendant **Manuel Revelo** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1.  The defendant is charged with possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

Therefore, the defendant is charged with an offense involving a narcotic drug.  18 U.S.C. § 3142(g)(1).

2.  The weight of the evidence against the defendant is substantial.  Government witnesses will testify that on February 17, 2000, Carlos Revelo provided a confidential source with a sample of heroin, which proved to be 89% pure.  Thereafter, Carlos Revelo negotiated with an undercover agent to sell the agent 670 grams of heroin for $47,000.  Carlos Revelo later stated that he had 750 grams available for sale.

On April 19, 2000, the confidential source went to Carlos Revelo's home prior to the time appointed for the transaction to take place.  The source left the house with Manuel Revelo, and Carlos Revelo drove a separate vehicle to the meeting location.  Carlos Revelo, Manuel Revelo, the confidential source and the undercover agent met in a parking lot to complete the transaction.  Carlos and Manuel Revelo were arrested, and 870 grams of heroin (gross weight) was recovered from Carlos Revelo's vehicle.  Manuel Revelo had 41 heroin pellets concealed on his person.  18 U.S.C. § 3142(g)(2).

3.  The pertinent history and characteristics of the defendant are that he is a Colombian national who entered the United States a few days prior to his arrest on a tourist visa.  He has family members in Colombia, and minimal ties to the United States.  Clearly this defendant constitutes a risk of flight.  18 U.S.C. § 3142(g)(3)(A) and (B).

2

4.    There is probable cause to believe the defendant possessed with intent to distribute a substantial quantity of heroin, an offense punishable by more than ten years under the Controlled Substances Act.   Accordingly, the defendant constitutes a danger to the community.   18 U.S.C. § 3142(g)(4).

5.    The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community.   18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community and there is a substantial likelihood that he will flee if released prior to trial.   The Court hereby directs:

(a)   That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b)   That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)   That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is

confined deliver the defendant to a United States Marshal for the
purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this _____

day of May, 2000.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Robin Rosenbaum (FTL)
Pretrial Services (FTL)
Barry Shevlin, Esq.

4